UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-00156-R

**KELSEY E. LEWIS**                                                                                    **PLAINTIFFS**

v.

**WILHELM S. MEYERS, et al.,**                                                                  **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the Court upon Defendants' (Wilhelm S. Meyers and the City of Hopkinsville) Second Motion for Summary Judgment (DN 16). Plaintiffs have responded (DN 18), and Defendants have replied (DN 21). This motion is now ripe for adjudication. For the reasons that follow, Defendants' Motion for Summary Judgment is GRANTED.

### BACKGROUND

This matter arises out of the arrest of Kelsey E. Lewis by Defendant Wilhelm S. Meyers ("Officer Meyers") of the Hopkinsville Police Department. The undisputed facts are as follows. On August 4, 2008, Lewis, along with three passengers, was in her Chrysler Sebring Convertible near Hopkinsville, Kentucky. At approximately 11:24 p.m., Lewis passed a number of police officers gathered on the side of the road with their cruisers, one of whom was Officer Meyers. While passing the police, Lewis's radio was playing, the top to her convertible was retracted, and a passenger in the car made a comment regarding the police stopped along the road.[1] Officer Meyers, upon hearing the radio and the comment emanating from Lewis's passing automobile, radioed to another officer in the vicinity to stop Lewis.

---

[1] There is disagreement as to what was exactly said about the police and how loud the radio was playing. For the purposes of this motion however, the differences between what Lewis and Officer Meyers each claim is immaterial.

Upon arriving at Lewis's stopped car, Officer Meyers discovered that no one in the automobile, including Lewis, had a driver's license in their possession. After checking with a radio dispatcher, Officer Meyers confirmed that Lewis was licensed to drive in Florida. Officer Meyers nevertheless arrested Lewis for violations of KRS 189.020 (requiring equipment of vehicle not to be nuisance or menace) and KRS 186.510 (requiring license to be in the possession of the driver and to be shown on the demand of a law enforcement official). Lewis was then transported to the Christian County Jail. After the charges against Lewis were dropped some time later, Lewis commenced this suit against Officer Meyers, the City of Hopkinsville, and Christian County Jailer Bradley Boyd.[2]

Against Officer Meyers, Lewis brings an action of false arrest under 42 U.S.C. § 1983 and Kentucky state law claims of malicious prosecution, abuse of process, assault and battery, and intentional infliction of emotional distress. Against the City of Hopkinsville, Lewis brings an action of failing to properly train their police officers under 42 U.S.C. § 1983 and state law claims of negligent failure to supervise, negligent hiring, and negligent retention of employees. Finally, Lewis also asserts that Hopkinsville is liable for Officer Meyers's torts of abuse of process and intentional infliction of emotional distress by virtue of their employee-employer relationship.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure

---

[2]Lewis makes separate claims that she was improperly treated by individuals working at the Christian County Jail. Specifically, Lewis alleges that employees of the jail asked her the color of her undergarments. As this Motion for Summary Judgment is filed only with regard to Officer Meyers's conduct and the City of Hopkinsville responsibility for that conduct, the claims against Bradley Boyd arising from Lewis's time at the Christian County Jail are not examined.

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## ANALYSIS

### A. Lewis's Claim against Officer Meyers under 42 U.S.C. § 1983

To prevail on her claim brought under 42 U.S.C. § 1983, Lewis "must establish that a person acting under color of state law deprived [her] of a right secured by the Constitution or laws of the United States." *Waters v. City of Morristown*, 242 F.3d 353, 359 (6th Cir. 2001). Lewis alleges Officer Meyers arrested her without probable cause, and this constitutional

deprivation provides the foundation for her 1983-based claim.  *See Noy v. Travis*, 339 F. App'x 515, 518 (6th Cir. 2009) ("The right to be free from an arrest lacking in probable cause is clearly established.").  Officer Meyers argues that summary judgment is appropriate on this claim because Lewis's arrest was supported by probable cause and because he is entitled to qualified immunity.  This Court examines each assertion in turn.

### 1. Lewis's Arrest was supported by Probable Cause

An officer has probable cause to arrest an individual where the facts and circumstances available to the officer are "sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense."  *Avery v. King*, 110 F.3d 12, 14 (6th Cir. 1997) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).  Mere suspicion of criminal acts constitutes an insufficient foundation to support a finding of probable cause.  *Harris v. Bornhorst*, 513 F.3d 503, 511 (6th Cir. 2008) (quoting *Williams ex rel. Allen v. Cambridge Bd. of Educ.*, 370 F.3d 630, 637 (6th Cir. 2004)).  However, an arrest is not invalid for lack of probable cause if the officer arrests an individual for a criminal offense that is wholly unrelated to the offense for which actual probable cause exists.  *Devenpeck v. Alford*, 543 U.S. 146, 153-54 (2004).

Probable cause existed for Officer Meyers to arrest Lewis for violating KRS 186.510.[3]  KRS 186.510 reads:

> The licensee shall have his or her license in his or her immediate possession at all times when driving a motor vehicle and shall display it upon demand to the circuit clerk or

---

[3] Neither party disputes that KRS 186.510 is a Class B misdemeanor, an arrestable offense under Kentucky law.  *See* KRS §§ 186.990(3), 431.005(1)(d); *see also Owens v. Commonwealth*, 244 S.W.3d 83, 87 n.10 (Ky. 2008), *vacated and remanded on other grounds*, 129 S. Ct. 2155 (2009).  On the other hand, as KRS 189.020 is only punishable by a fine under Kentucky law, Officer Meyers admits in this motion that this statute cannot be relied upon in justification of Lewis's arrest.  DN 16-2 at 5.

>examiner, a peace officer, a member of the Department of Kentucky State Police . . . . It shall be a defense to any charge under this section if the person so charged produces in court an operator's license, issued to him or her before his or her arrest and valid at the time of his or her arrest.

KRS § 186.510. Lewis does not dispute that she was driving without her license; instead, she states that as Officer Meyers was able to confirm by radio that Lewis was licensed in Florida, probable cause did not exist for him to arrest her for violating KRS 186.510 because she could have produced a valid driver's license in court. This Court does not agree with Lewis's reading of the statute. It is clear that KRS 186.510 governs carrying one's license while driving and that driving without possession of that license violates the statute. That the Kentucky legislature offered a defense for those who produce the license at a later court proceeding does not nullify the statute's primary requirement that all persons operating a motor vehicle carry a driver's license. As Lewis was in violation of the statute, probable cause existed to arrest her.

Even if this Court were to accept Lewis's argument, Lewis did not have a valid license at the time of her arrest. KRS 186.435(1) requires that:

>A licensed driver who becomes a Kentucky resident shall, within thirty (30) days of establishing residency, apply for a Kentucky operator's license in the office of the circuit clerk in the county where the person has established his or her domicile.

KRS § 186.435(1). Lewis's deposition indicates that she had been a resident of Kentucky for close to four years prior to her arrest, however she was only licensed in Florida.[4] Given the requirement that residents of Kentucky be licensed by the state, Lewis's Florida license would not have been valid at the time of her arrest, and therefore would not have been accepted as a

---

[4] Lewis testified that (1) she attended the last three years of high school in Kentucky, (2) she visited Florida only on holidays and over the summer (3) she sought and received in-state tuition when applying to and attending the University of Kentucky, and (4) filed taxes in Kentucky for the last three years of high school.

5

defense in a court proceeding under KRS 186.150.

Lewis states in her response to this Motion for Summary Judgment that it is the illegal *Terry*-stop by Officer Meyers and not an arrest without probable cause that makes up the constitutional violation required to establish a proper claim under section 1983.  However, Count 1 in Lewis's Complaint makes no mention of an unconstitutional stop and seizure, maintaining instead that the false arrest without probable cause was the constitutional violation.  *See* DN 1-2 at 6-7.  As such, this Court need not entertain Lewis's new argument.[5]

Officer Meyers also avers that he is entitled to qualified immunity.  "Government officials, including police officers, are immune from civil liability unless, in the course of performing their discretionary functions, they violate the plaintiff's clearly established constitutional rights."  *Aldini v. Johnson*, 609 F.3d 858, 863 (6th Cir. 2010).  Since Lewis's arrest was founded upon proper probable cause, Officer Meyers did not violate Lewis's constitutional rights, and therefore he is entitled to qualified immunity for his actions

---

[5] Even if this Court did consider whether Officer Meyers's stop of Lewis constituted the constitutional violation required for the section 1983 claim, this Court believes that the stop was based on probable cause.  *See United States v. Sanford*, 476 F.3d 391, 395-96 (6th Cir. 2007) (quoting *Gaddis v. Redford Twp.*, 364 F.3d 763, 770 (6th Cir.2004)) ("[P]olice may make a stop when they have probable cause to believe a civil traffic violation has occurred, even if the defendant raises a claim that the stop was pretextual.").

Lewis admits that she and her friends were traveling in her convertible with the top down, with music playing loud enough to be audible to the police officers standing on the side of the road.  Also, Lewis states the remark about the police made by the passenger in the car was loud enough to be heard by the officers.  Finally, it is undisputed that the police were gathered on the opposite side of the street as Lewis's passing car. Upon reviewing the noise ordinance provision of Hopkinsville, it is clear that Officer Meyers had probable cause to believe Lewis had violated the noise ordinance.  *See* Hopkinsville, Ky., Code of Ordinances § 96.03 (2008) ("It shall be unlawful for any person to make . . . any noise disturbance except as a danger or emergency warning.  Any noise disturbance plainly audible at a distance of 50 feet from the place from which the noise emanates shall be prima facie evidence of a violation of this section.").

surrounding the arrest.

### B. Lewis's State Law Claims against Officer Meyers

#### 1. Officer Meyers is entitled to immunity from suit under Kentucky Law

In response to Lewis's claims under Kentucky's Constitution and state law, Officer Meyers advances the argument that he is entitled to official immunity. According to Kentucky law, official immunity is "immunity from tort liability afforded to public officers and employees for acts performed in the exercise of their discretionary functions." *Yanero v. Davis*, 65 S.W.3d 510, 521 (Ky. 2001). "Qualified official immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions, i.e., those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment, (2) in good faith, and (3) within the scope of the employee's authority." *Id.* at 522 (internal citations omitted).

Applying these facts to the standard set forth in *Yanero*, Officer Meyers is officially immune from the state law claims that Lewis raises.[6] Under Kentucky law, a police officer's decision to arrest an individual is a discretionary act. *Id*; *see Caudill v. Stephens*, No. 06-477, 2007 WL 625348, at *1 (Ky. Ct. App. March 2, 2007). Also, pursuant to the above stated analysis, Lewis's arrest was effectuated with sufficient probable cause (and so could not have been in bad faith) and was within the scope of Officer Meyers's authority.

#### 2. Notwithstanding Officer Meyers's Official Immunity, Lewis's State Law Claims are Fatally Defective

Ignoring for a moment the decision on Officer Meyers's official immunity, summary

---

[6] This Court is also assuming here that Officer Meyers acted negligently. As Lewis's arrest is supported by probable cause, there would seem to be no evidence of negligence on the part of Officer Meyers.

7

judgment would still be appropriate for all of Lewis's state law claims. Lewis asserts a claim for malicious prosecution against Officer Meyers. Kentucky law requires proof of six basic elements to show malicious prosecution. *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981). "They are (1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding." *Id.* As explained earlier, Officer Meyers proceeded with probable cause when he arrested Lewis; therefore the a claim for malicious prosecution cannot lie. *See Flynn v. Songer*, 399 S.W.2d 491, 493 (Ky. 1966) ("The absence of probable cause is an essential element of a cause of action for malicious prosecution.").

Lewis's claim for abuse of process is equally flawed. Abuse of process is defined as "the irregular or wrongful use of a judicial proceeding." *Prather v. Providian Nat. Bank*, No. 05-1254, 2006 WL 1868335, at *2 (Ky. Ct. App. July 7, 2006). Lewis must show two elements: (1) an ulterior purpose for the judicial proceeding and (2) "a willful act in the use of process not proper in the regular conduct of the proceeding." *Id.* Additionally, abuse of process requires injury to the plaintiff's person or property; harm to only reputation is not sufficient. *Raine*, 621 S.W.2d at 902. As Lewis cannot offer any evidence to support these elements, summary judgment is appropriate on this claim. *See* DN 16-4 at 4 (showing no evidence of ulterior purpose); DN 16-3 at 10 (showing no evidence of injury to person or property).

Although phrased as an allegation of assault in her Complaint, Lewis seems to allege that Officer Meyers's unlawful arrest constitutes battery as well. *Compare* DN 1-2 at 8-9 ("The

actions of [Officer Meyers] constitute an assault to the person of [Lewis]") *with* DN 16-4 at 4 (stating that physically taking Lewis into custody was the assault).  Ignoring this discrepancy for a moment, Kentucky law sets forth that recovery against a law enforcement official for assault and battery during the course of an arrest is appropriate where either (1) there was no probable cause for the arrest or (2) there was probable cause for the arrest but the officer used excessive force in effectuating the arrest.  *See City of Lexington v. Gray*, 499 S.W.2d 72, 74-75 (Ky. 1972); *Lexington-Fayette County Gov't v. Middleton*, 555 S.W.2d 613, 618-19 (Ky. Ct. App. 1977).  As Officer Meyers had probable cause to arrest Lewis, and Lewis admits that she was not physically harmed in any way during her arrest, this claim for assault and battery must fail.  *See* DN 16-3 at 8, 10.

Finally, there is no factual basis for Lewis's allegation of intentional infliction of emotional distress against Officer Meyers.  Known as the tort of outrage in Kentucky, a plaintiff is required to show for a prima facie case that "(1) the wrongdoer's conduct [is] intentional or reckless; (2) the conduct [is] outrageous and intolerable in that it offends against the generally accepted standards of decency and morality (3) there [is] a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress [is] severe."  *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004).  While being arrested can be an upsetting experience, the facts in no way support Lewis's contention that Officer Meyers acted outrageously.  DN 16-3 at 8-10.  Moreover, Lewis has made no showing that the emotional distress she claims to have suffered is severe, instead charging that she is merely embarrassed by the incident.

**C. Lewis's Claims against City of Hopkinsville under 42 U.S.C. § 1983**

Lewis brings a claim under 42 U.S.C. § 1983 asserting that the City of Hopkinsville did not adequately train Officer Meyers. However, as previously detailed above, a claim under section 1983 is only appropriate where the plaintiff can demonstrate that a constitutional right has been violated. *Waters*, 242 F.3d at 359. Since her arrest was supported by probable cause, her constitutional rights were not violated, and thus Lewis's section 1983 claim against the City of Hopkinsville is inappropriate.

### D. Lewis's State Law Claims against City of Hopkinsville

Lewis finally charges that the City of Hopkinsville is liable for the negligent hiring, supervision and retention of Officer Meyers as an employee, as well as the torts of abuse of process and intentional infliction of emotional distress. Given the decisions regarding Officer Meyers, these claims are without merit.

With regard to the allegations that Hopkinsville was negligent in its hiring, supervision, and retention of Officer Meyers, while Kentucky does recognize such a cause of action,[7] the law denies recovery to Lewis because she cannot show that Officer Meyers committed an actionable tort against her. *See Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 727 (Ky. 2009). Concerning Lewis's claims of abuse of process and intentional infliction of emotional distress, they are leveled against the City of Hopkinsville by virtue of its employer-employee relationship with Officer Meyers.[8] However, where an employee has not acted negligently, as is the case

---

[7] *See Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky. Ct. App. 1998) ("Accordingly, we agree . . . that the established law in this Commonwealth recognizes that an employer can be held liable when its failure to exercise ordinary care in hiring or retaining an employee creates a foreseeable risk of harm to a third person.").

[8] Its would appear that this is Lewis's intention. The Complaint is not altogether clear by what method the abuse of process and intentional infliction of emotional distress claims should

with Officer Meyers, clearly no action can lie against the employer under the legal principle of *respondeat superior*. For these reasons, summary judgment is appropriate for Lewis's state law claims against Hopkinsville.

## CONCLUSION

FOR THE FOREGOING REASONS, Defendants' Motion for Summary Judgement is GRANTED. An appropriate order shall follow.

---

be attributed to Hopkinsville, whether it be through their employment of Officer Meyers or through the employment of Bradley Boyd. For the purpose of this motion, this Court addresses the claims in the context of Officer Meyers's employment relationship with Hopkinsville.